UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-090-DCR |
| ) | |
| V. ) | |
| ) | |
| JERRY LEVI MUNCY, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jerry Levi Muncy pleaded guilty to conspiring to manufacture 100 or more marijuana plants and was sentenced to 90 months' imprisonment on March 31, 2008. Upon release from detention, Muncy began serving an eight-year term of supervised release. Muncy's supervised release was revoked in September 2015, April 2018, and most recently on December 3, 2020, when he was sentenced to five months' imprisonment. [Record No. 197]

The Court has now received a one-page handwritten *pro se* motion from Muncy seeking compassionate release. [Record No. 198] In support, he reports that he suffers from COPD and "stage 2/3 black lung." Additionally, he contends that "there is covid" in the Laurel County Correctional Center, where he is being housed. Because Muncy has failed to establish extraordinary and compelling reasons for release, and the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of a sentence reduction, his motion will be denied.

### I.

Requests for compassionate release fall under 18 U.S.C. § 3582(c)(1)(A), which provides, in pertinent part, as follows:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction. . . .

Accordingly, the Court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist. *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020). The Court then considers whether the factors under 18 U.S.C. § 3553(a) justify release. *Id.*

### A.  **Extraordinary and Compelling Reasons**

When an incarcerated person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. However, "[s]ection 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). While the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist.

As relevant here, the application notes to § 1B1.13 provide:

(A)  Medical Condition of the Defendant—
    (i)  The defendant is suffering from a terminal illness (i.e., a

    serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
     (ii) The defendant is—
      (I) suffering from a serious physical or medical condition,
      (II) suffering from a serious functional or cognitive impairment, or
      (III) experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1.

Muncy reports that he suffers from COPD and black lung disease. However, he has not provided any details about the severity of these conditions or any medical documentation supporting the diagnoses. Muncy's Presentence Investigation Report includes a lengthy discussion of his physical health and neither of these conditions is mentioned. Muncy advised the probation officer that he worked in an underground coal mine in 1977 and from 1984 to 1985, but the probation officer was not able to confirm this past employment.

Muncy's motion is post-marked fewer than three weeks after his last hearing. He does not allege that his COPD or black lung disease are acute conditions that developed within the last three weeks. Accordingly, these issues could have been raised during the final hearing on revocation of supervised release. Further, generalized fears of contracting COVID-19, without more, do not constitute a compelling reason for release. *See United States v. Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020).

      **B.** **Section 3553(a) Factors**

Even if Muncy had established extraordinary and compelling reasons for his release, the factors enumerated under 18 U.S.C. § 3553(a) do not weigh in favor of release. These

factors include the nature and circumstance of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protective the public from further crimes; and the need to avoid unwarranted sentencing disparities. § 3353(a).

At the time of his final revocation hearing, Muncy stipulated to possessing prescription medication in an improper container. While this is a Grade C violation, the defendant has shown a clear pattern of violating the terms of his supervised release. And while reducing his sentence might not pose a substantial danger to the community, it would diminish the seriousness of his supervised release violation. Further, a term of imprisonment is needed to deter future violations. Finally, Muncy's guidelines range of imprisonment for this violation is five to eleven months. He was sentenced at the bottom of the range and has only served a small portion of his sentence thus far. Reducing the sentence further would undermine the goal of unwarranted sentencing disparities.

## II.

Based on the foregoing, the defendant's motion for compassionate release [Record No. 198] is **DENIED**.

Dated: December 30, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky